**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILIP LAWRENCE,

        Plaintiff - Appellant,

    v.

TURNER'S OUTDOORSMAN CORP.,

        Defendant - Appellee.

No. 10-55710

D.C. No. 5:08-cv-01073-WHS-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
William H. Stafford, Senior District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.[**]

    Philip Lawrence appeals the district court's grant of summary judgment in

favor of his former employer, Turner's Outdoorsman, Inc. ("Turner's"), as to his

claims for race discrimination and harassment, retaliatory discharge, and wrongful

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

termination in violation of public policy under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940-12996. Lawrence served as Turner's' Loss Prevention Director from June 2002 through January 2006, when he was terminated by Turner's' former President, Don Small.

We review de novo the district court's grant of summary judgment. *Cline v. Industrial Maintenance Engineering & Contracting Co.*, 200 F.3d 1223, 1228 (9th Cir. 2000). In evaluating both discrimination and retaliation claims under FEHA, California looks to federal precedent governing analogous federal anti-discrimination laws. *See Guz v. Bechtel National*, 24 Cal. 4th 317, 354 (2000).

Applying the burden-shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), we conclude that Lawrence presented sufficient evidence to raise a triable issue of fact as to whether Small's decision to fire him

was pretextual.[1] In the months prior to Lawrence's termination, Small made a series of racially charged comments deriding Lawrence and Turner's' only other African-American manager. Small was also the sole decision-maker involved in Lawrence's termination. See *Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005). The fact that Small was the sole decision-maker involved in Lawrence's termination is therefore highly significant. In addition, Lawrence offered sworn testimony that raises triable issues as to whether Turner's' stated reasons for his termination—namely, his poor work performance, and Turner's' need to downsize—were unworthy of credence. For example, although Turner's' employees testified that Lawrence failed to answer his cell phone during the day, and failed to respond to an alarm call on at least one occasion, Lawrence testified

---

[1]In its brief and at oral argument, Turner's construed Lawrence's race discrimination claim as a hostile work environment claim, and argued that Lawrence failed to raise triable factual issues as to whether Small's discriminatory comments were so "sufficiently severe or pervasive [as] to alter the conditions of [Lawrence's] employment and create an abusive work environment." *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks and citation omitted). Although Lawrence's complaint pleads a claim for racial discrimination and harassment, the complaint alleges only a violation of Cal. Gov't Code § 12940(a), which relates to race discrimination, and not § 12940(j), which relates to racial harassment resulting in a hostile work environment. On appeal, Lawrence does not contend that Small's comments created a work environment permeated by discrimination, but rather, that Small terminated him because of his race. Because Lawrence has neither pled a hostile work environment claim nor raised this issue on appeal, we need not address the merits of such a claim.

3

that he consistently responded to phone calls and never missed an alarm call during his tenure. Lawrence also testified that he observed Small make financial decisions inconsistent with Turner's' assertion that it was experiencing financial difficulties at the time of his termination. In light of the numerous disputed issues of fact present in the record, the district court erred in granting summary judgment in Turner's' favor as to Lawrence's race discrimination claim. *See Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1127-28 (9th Cir. 2000).[2]

Lawrence has failed to raise triable issues of fact as to his FEHA retaliation claim, however. Lawrence adduced no evidence that Small was aware that he discussed Small's racially charged comments with Turner's' human resources personnel. Lawrence declined to file a formal complaint, and stated that he did not want Small to know that he found the comments offensive. There is no record

---

[2]California law recognizes a claim for wrongful termination in violation of a public policy reflected in a statute or constitutional provision. *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172 (1980). *Tameny* claims supplement FEHA claims alleging an improper termination due to race, age, disability, or retaliation, and may be asserted in conjunction with such claims. *See Ross v. San Francisco Bay Area Rapid Transit Dist.*, 146 Cal.App.4th 1507, 1515 (2007). Because Lawrence's wrongful termination claim is based on the same facts as his FEHA race discrimination claim, the district court erred in granting summary judgment as to Lawrence's wrongful termination claim. We therefore reverse the court's ruling on that claim.

4

evidence that his wishes were ignored. Because Lawrence adduced no evidence of a causal link between his conversation with human resources personnel and Small's decision to terminate him, he failed to establish a *prima facie* case of retaliation. *Cf. Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1113-14 (9th Cir. 2003).

The district court's grant of summary judgment is AFFIRMED as to Lawrence's retaliation claim, and REVERSED AND REMANDED as to Lawrence's race discrimination and wrongful termination in violation of public policy claims. The parties shall bear their own costs on appeal.